The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties of their representatives, or amend the Opinion and Award, except with the modification of the average weekly wage and the determination that it would be unjust and unfair to treat plaintiff employee as a subcontractor.
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing and in the Form 21 Agreement for Compensation, approved on May 20, 1994, as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the Workers' Compensation Act and the employer-employee relationship existed at all relevant times.
2. Selective Insurance Company was the carrier on the risk.
3. The plaintiff sustained an admittedly compensable injury by accident on March 22, 1994, for which his average weekly wage was calculated to be $300.27, subject to verification.
4. The parties agreed to stipulated the following documents into the record.
a. I.C. Form 19, filed March 30, 1994;
b. I.C. Form 22, prepared March 29, 1994 (2 pages);
c. I.C. Form 18, filed April 19, 1994;
d. I.C. Form 18, prepared April 14, 1994;
e. 1991 Tax Return of Plaintiff (5 pages);
f. 1993 Tax Return of Plaintiff (11 pages); and
g. 1993 Schedule C.
5. The issue for determination is whether plaintiff's average weekly wage was correctly calculated.
* * * * * * * * * * * * *
Subsequent to the hearing in this case, plaintiff received from Defendant Bill Clark Construction Company an amended W-2 wage statement showing wages in 1994 of $3,232.00. The Full Commission accepts into evidence upon motion of plaintiff this amended W-2 for 1994.
Based upon all the competent evidence adduced from the record, the Full Commission makes the following additional:
FINDINGS OF FACT
1. At the time of the injury giving rise to this claim, the plaintiff was a 41 year old high school graduate who had worked as a carpenter in the construction industry. He was an employee of Bill Clark Construction Company, not an independent contractor.
2. The plaintiff sustained an admittedly compensable injury by accident on March 22, 1994 while working as an employee of defendant Bill Clark Construction Company. The plaintiff was installing shutters on a new brick home when the ladder on which he was standing slipped, resulting in the plaintiff falling to the ground, sustaining injuries to his back and left knee.
3. Plaintiff worked only a part of 1993 for Bill Clark Construction Company, leaving the employment because of a dispute in pay, but returning later in the year. For the 11.4 weeks of 1994 from the first of the year through March 22, the plaintiff earned $3,232.00 as an employee of Bill Clark Construction Company.
* * * * * * * * * * * * *
The foregoing findings of fact engender the following:
CONCLUSION OF LAW
Pursuant to N.C. GEN. STAT. § 97-2(5), the Act provides five methods of determining the average weekly wage. In calculating the wage, the Commission is to employ the method which is fair to both the employer and the employee. Joiner v. A.J. Carey Oil Co.,266 N.C. 519, 146 S.E.2d 447 (1966). Where, as here, the employment prior to the injury extended over a period of less than 52 weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed; provided, results fair and just to both parties will be thereby obtained. N.C. GEN. STAT. § 97-2(5). The Full Commission finds that this method, dividing the $3,232.00 earned during the 11.4 weeks of 1994 during which plaintiff worked for Bill Clark Construction Company by 11.4, yields an average weekly wage that is fair to both parties. This yields an average weekly wage of $283.51 and a compensation rate of $189.00 per week.
* * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
AWARD
1. Defendants shall compensate plaintiff for his disability at the rate of $189.00 per week from 22 March 1994 until such time as plaintiff returns to work or until subsequent order of the Commission, with credit for the compensation already paid. The excess of the amount owed over the amount paid through the date of this Opinion and Award shall be paid to plaintiff in a lump sum, with interest thereon at the rate of 8 per cent per annum from 30 August 1994 until paid, subject to the attorney fee hereafter discussed, and Defendants shall thereafter pay to plaintiff $189.00 per week with every fifth check going to plaintiff's attorney.
2. Defendants shall pay to plaintiff's attorney in a lump sum upon receipt of this Opinion and Award an amount equal to 20 percent of $189.00 per week for the period 22 March 1994 until the weekly payments to plaintiff begin and then shall pay every fifth payment to plaintiff's attorney.
3. Defendants shall pay the costs.
 S/ _____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________ DIANNE C. SELLERS COMMISSIONER
S/ _____________ COY M. VANCE COMMISSIONER